1  PAUL V. SIMPSON, BAR NO. 83878
   psimpson@sgilaw.com
2  TIMOTHY P. O'DONNELL, BAR NO. 185492
   todonnell@sgilaw.com
3  SIMPSON, GARRITY & INNES
   Professional Corporation
4  601 Gateway Boulevard, Suite 950
   South San Francisco, CA  94080
5  Telephone:  (650) 615-4860
   Fax:  (650) 615-4861
6
   Attorneys for Defendant
7  IMR Contractor Corporation

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11

   GREGORY HALL, FAUSTO AGUILAR,              ) Case No. 08-CV-3447 CW
12 GONZALO AGUILAR, CHARLES CHILTON,          )
   FELIX CORTES, OMAR FRANCO, DOUGLAS         ) **DEFENDANT IMR CONTRACTOR**
13 GIVENS, ROBERT IVY, QUINCY MOUTON,         ) **CORPORATION'S NOTICE OF**
   LUIS OSUNA, RICHARD RANKIN, HECTOR         ) **MOTION FOR A MORE DEFINITE**
14 RODRIGUEZ, MARTIN SANDOVAL, HENRY          ) **STATEMENT OR IN THE**
   TAYLOR, LLOYD THIBEAUX, MICHAEL            ) **ALTERNATIVE MOTION TO**
15 BROWN, ASTRIAN CAEL, ARNULFO               ) **DISMISS AND/OR MOTION TO**
   CARRANZA-RIVAS, APOLINAR CORNEJO,          ) **STRIKE PORTIONS OF PLAINTIFFS'**
16 ROY EDWARDS, VICTOR HAMPTON, RANDY         ) **SECOND AMENDED COMPLAINT;**
   KEYS, ANDRE LARRIMORE, TERRY               ) **MEMORANDUM OF POINTS AND**
17 MACKEY, DOUGLAS TURNER, JEFF WEST,         ) **AUTHORITIES IN SUPPORT**
   ROBERT WHITE, MARQUEZ BOYD,                ) **THEREOF**
18                                            )
                   Plaintiffs,                ) [FRCP 12(e), 12(b)(6), 12(f)]
19                                            )
                v.                            ) DATE:   September 18, 2008
20                                            ) TIME:   2:00 p.m.
   APARTMENT INVESTMENT AND                   ) JUDGE:  Hon. Claudia Wilkin
21 MANAGEMENT COMPANY, AIMCO CAPITAL,         ) ROOM:   Courtroom 2, 4th Floor
   INC., FORTNEY & WEYGANDT, INC., IMR        )
22 CONTRACTOR CORPORATION, BAY                )
   BUILDING SERVICES, BAY AREA                )
23 CONSTRUCTION FRAMERS, INC. and DOES 1-     )
   50,                                        )
24                                            )
                   Defendants.                )
25                                            )
                                              )
26 _____)

27

28
   {CLIENT FILES\30625\7\00092269.DOC}                                          - 1 -
   DEFENDANT IMR CONTRACTOR CORP.'S MOTION FOR A MORE DEFINITE STATEMENT OR IN THE ALTERNATIVE MOTION TO
            DISMISS / STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT
                                CASE NO. 08-CV-3447 CW

# NOTICE OF MOTION

TO PLAINTIFFS GREGORY HALL, FAUSTO AGUILAR, GONZALO AGUILAR, CHARLES CHILTON, FELIX CORTES, OMAR FRANCO, DOUGLAS GIVENS, ROBERT IVY, QUINCY MOUTON, LUIS OSUNA, RICHARD RANKIN, HECTOR RODRIGUEZ, MARTIN SANDOVAL, HENRY TAYLOR, LLOYD THIBEAUX, MICHAEL BROWN, ASTRIAN CAEL, ARNULFO CARRANZA-RIVAS, APOLINAR CORNEJO, ROY EDWARDS, VICTOR HAMPTON, RANDY KEYS, ANDRE LARRIMORE, TERRY MACKEY, DOUGLAS TURNER, JEFF WEST, ROBERT WHITE, MARQUEZ BOYD AND TO THEIR ATTORNEY'S OF RECORD:

PLEASE TAKE NOTICE that on September 18, 2008 at 2:00 p.m. or as soon thereafter as the matter may be heard in Courtroom 2, 14th Floor, in the above entitled court located at 1301 Clay Street, Oakland, California, Defendant IMR Contractor Corporation ("Defendant" or "IMR") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(e), for an order requiring Plaintiffs to provide a more definite statement. In the alternative, Defendant moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) for an order dismissing or striking portions of Plaintiffs' Second Amended Complaint on the grounds that the portions fail to state a claim upon which relief can be granted and are redundant of Plaintiffs' other claims.

The motion for a more definite statement requests that the Court order Plaintiffs to amend their complaint to identify, for each cause of action, which Plaintiffs are asserting the claim and against which defendants the claim is made. Additionally, the motion requests that the Court order Plaintiffs to clarify the nature of the eighth through thirteenth causes of action. The alternative motion seeks to dismiss and/or strike the eighth through thirteenth causes of action. These claims should be dismissed/ stricken because they fail to state a claim upon which relief can be granted and are redundant of the fifteenth through eighteenth causes of action.

This motion is based on this notice of motion, the memorandum of points and authorities filed herewith, the complete court files and records of this action, and on such other evidence and

///

argument which may be presented before or at the hearing of this motion.

Date: July 23, 2008   Respectfully submitted,

                                              SIMPSON, GARRITY & INNES
                                              Professional Corporation

                                              By:____/s/   Timothy P. O'Donnell_____
                                                  PAUL V. SIMPSON
                                                  TIMOTHY P. O'DONNELL
                                            Attorneys for Defendant
                                            IMR CONTRACTOR CORPORATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION/ BACKGROUND**

The 28 Plaintiffs in this case allege that they either were employed by or applied for jobs with Defendants Apartment Investment And Management Company, AIMCO Capital, Inc., Fortney & Weygandt, Inc., IMR Contractor Corporation, Bay Building Services, and Bay Area Construction Framers, Inc. (collectively "Defendants") on the Bayview Hunter's Point Redevelopment Plan ("BHPRP") in San Francisco. Plaintiffs' 53-page second amended complaint contains 21 employment-related causes of action, including a wide variety of wage and hour claims, and claims for harassment, discrimination, and retaliation.

On July 17, 2008 Defendant IMR Contractor Corporation ("IMR") removed this case from the San Francisco County Superior Court. At the time of the removal, IMR had not filed a responsive pleading to the operative complaint, Plaintiffs' second amended complaint. Therefore, Pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e), 12(f), and 81(c)(2), IMR brings the present motion for a more definite statement or in the alternative, motion to dismiss or strike the eighth through thirteenth causes of action.

A more definite statement is necessary with respect to the entire complaint because none of the individual causes of action identifies which Plaintiffs are asserting the claim and against which defendants the claim is made. Additionally, the eighth through thirteenth causes of action are uncertain insofar as they are based upon the alleged violation of the same statute as alleged in the fifteenth through eighteenth causes of action. As a result, IMR cannot fairly discern the nature of the claims made against it.

In the alternative, IMR moves to dismiss and/or strike the eighth through thirteenth causes of action. California law does not recognize common law claims for discrimination, harassment and/or retaliation. Therefore, these claims fail to state a claim upon which relief can be granted and should be dismissed. Further, these claims are redundant of the fifteenth through eighteenth causes of action and should be stricken.

/ / /

/ / /

{CLIENT FILES\30625\7\00092269.DOC}                                                                                                  - 4 -
DEFENDANT IMR CONTRACTOR CORP.'S MOTION FOR A MORE DEFINITE STATEMENT OR IN THE ALTERNATIVE MOTION TO
DISMISS / STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 08-CV-3447 CW

## II. ARGUMENT

### A. A More Definite Statement Is Necessary To Inform IMR What Causes Of Action Are Made By Which Plaintiff(s) Against Which Defendant(s) And The Legal Nature Of The Eighth Through Thirteenth Causes of Action

Federal Rule of Civil Procedure ("FRCP") 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). A complaint satisfies Rule 8 where it provides the defendant with "fair notice" of the nature of the claim(s) made against it. *Immigrant Assistance Project of the L.A. County Fed'n of Labor v. INS*, 306 F.3d 842, 865 (9th Cir. 2002). It is axiomatic, however, that the nature of the claim includes the identity of the plaintiff or plaintiffs making the claim and, where there are multiple defendants, the identity of the defendants against whom the claim is asserted. *In re Xerox Corp. ERISA Litigation*, 483 F.Supp.2d 206, 213 (D. Conn. 2007) (under Rule 8, in a multi-defendant litigation, each defendant is entitled to know which claims are being asserted against him, her or it).

Where a pleading "fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (abrogated on other grounds by *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1968-69, 167 L. Ed. 2d 929 (2007)). A Rule 12(e) motion is proper "where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." *Sagan v. Apple Computer*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) (emphasis added); *See also, Hayes v. Williamsville Central School Dist.*, 506 F.Supp.2d 165, 171 (W.D.N.Y. 2007) (granting motion for a more definite statement where the Court could not construe which of the claims were brought on behalf of which plaintiff or which claim was brought against which defendant); *In re Xerox Corp. ERISA Litigation*, supra, 483 F.Supp.2d at 212-213 (granting motion for a more definite statement where the allegations lumped defendants into "an undifferentiated mass" and it was not possible to tell if a claim is against all or just some of the defendants); *Ford v. Mid-America Finan. Corp.*, 399 F.Supp. 277, 284 (E.D. WI 1975) (a more definite statement required to enable defendant to plead intelligently where complaint referred to "plaintiffs" or "defendants" without indicating

which of the five plaintiffs or nine defendants were intended by the term).  A Rule 12(e) motion is also appropriate where it is not clear from the complaint what the legal nature of the claim is or if an employee is asserting a common law or statutory claim.  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Ulatowski v. John Sterling Corp.*, 2004 U.S. Dist. LEXIS 11181 (N.D. Ill. 2004).

Here, Plaintiffs' second amended complaint is uncertain in two respects.  First, each of the second amended complaint's 21 causes of action fails to identify which plaintiff is asserting the claim and fails to identify the defendant against whom the claim is made.  The second amended complaint contains allegations by 28 Plaintiffs against six defendants.  Since none of the causes of action in the second amended complaint identify the plaintiff(s) asserting the claim or the identity of the defendant(s) against whom the claim is made, IMR cannot fairly ascertain the nature of the claim or claims being asserted against it.  Accordingly, IMR requests that Plaintiffs be required to file an amended complaint that, for each cause of action, specifies 1) the plaintiff(s) asserting the cause of action; and 2) against which defendant(s) the cause of action is asserted.

Second, the eighth through thirteenth causes of action are uncertain with respect to the nature of the claim.  Causes of action eight through thirteen allege harassment, discrimination, or retaliation "in violation of public policy."  Each of these claims is based in part on the California Fair Employment and Housing Act ("FEHA"), California Government Code section 12940 et seq. or Labor Code Section 1102.5.  However, in addition to these six claims, the second amended complaint also contains separate claims for discrimination in violation of the FEHA (fifteenth cause of action), harassment in violation of the FEHA (sixteenth cause of action), retaliation in violation of the FEHA (seventeenth cause of action) and retaliation in violation of Labor Code section 1102.5 (eighteenth cause of action).  Thus, the eighth through thirteenth causes of action appear to be duplicative of the fifteenth through eighteenth causes of action insofar as they are based upon the alleged violations of the same statutes.  As a result, IMR cannot fairly ascertain the nature of the eighth through thirteenth causes of action.  Accordingly, IMR requests that Plaintiffs be required to file an amended complaint that clarifies the nature of the eighth through thirteenth causes of action.

**B.** **Alternatively, The Eighth Through Thirteenth Causes of Action Fail To State A Claim Upon Which Relief Can Be Granted And Are Redundant Of Other Claims**

If the Court denies IMR's motion for a more definite statement, IMR moves to dismiss the eighth through thirteenth causes of action.  Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  The purpose of a motion brought pursuant to the rule is to allow the court to eliminate actions that are fatally flawed and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity.  *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (8th Cir. 1993).  A complaint or a portion thereof may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

The eighth through thirteenth causes of action contain three pairs of similar claims.  The eighth and ninth causes of action allege harassment and are titled "Harassment In Violation Of California Public Policy Race-Hostile Work Environment (Cal. Const. Art. I § 8; Cal. Govt. Code §12940(j)" and "Harassment In Violation Of California Public Policy National Origin-Hostile Work Environment (Cal. Const. Art. I § 8; Cal. Govt. Code §12940(j)", respectively.  The tenth and eleventh causes of action allege discrimination and are titled "Discrimination In Violation Of California Public Policy Race (Cal. Const. Art. I § 8; Cal. Govt. Code §12940(a)" and "Discrimination In Violation Of California Public Policy National Origin (Cal. Const. Art. I § 8; Cal. Govt. Code §12940(a)", respectively.  Finally, the twelfth and thirteenth causes of action allege retaliation and are titled "Retaliation In Violation Of California Public Policy Protesting Unlawful Failure to Pay Wages and Unlawful Deductions (Labor Code § 1102.5(c))" and "Retaliation In Violation Of California Public Policy Protesting Race and National Origin Discrimination (Cal. Constit. Art. I § 8; Cal. Govt. Code §§12940(a), (j), (and (h))."  While the titles of these claims contain the phrase "Violation of California Public Policy", the body of these claims make plain that they assert direct statutory or constitutional violations.  (Second Amended Complaint, ¶¶ 205, 211, 217, 223, 230-232).

As described, above, Plaintiffs' second amended complaint already contains direct statutory claims for discrimination, harassment, and retaliation in violation of the FEHA and for retaliation in violation of Labor Code Section 1102.5. (Second Amended Complaint, causes of action fifteen through eighteen). Therefore, to the extent that the eighth through thirteenth causes of action are based upon violation of the FEHA and Labor Code Section 1102.5, these causes of action are duplicative of the fifteenth through eighteenth causes of action and should be dismissed or stricken from the complaint. Fed. R. Civ. Proc. 12(b)(6) (motion to dismiss), Fed. R. Civ. Proc. 12(f) (motion to strike for "redundant" matters in a complaint); *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 802 (9th Cir. Cal. 1987) (court can strike cause of action that is redundant of other claims in the complaint); *Brothers v. Hewlett-Packard Co.*, 2007 U.S. Dist. LEXIS 13155, at *25-26 (N.D. Cal. 2007) (granting motion to strike claim that was "simply a repeat" of another claim).

Additionally, the eighth through eleventh and thirteenth causes of action also are based upon a violation of the California Constitution. However, California law does not generally recognize a direct cause of action seeking damages for the violation of a provision of the California Constitution. *Katzberg v. Regents of the University of California*, 29 Cal.4th 300 (2002); *Hamaka v. Buddhist Churches of Amer.*, 919 F.Supp. 332, 335 (N.D. Cal. 1995). Moreover, California law does not recognize a so-called common law cause of action for discrimination, harassment, or retaliation directly based on a violation of the California Constitution. *See, e.g.*, *Medix Ambulance Service, Inc. v. Superior Court*, 97 Cal.App.4th 109, 118-119 (2002) (dismissing common law sexual harassment claim because claim for sexual harassment is "a creature of statute" and employee limited to relief under the FEHA). Accordingly, Plaintiffs eighth through thirteenth causes of action fail to state a claim upon which relief can be granted and should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Defendant IMR Contractor Corporation requests that the Court order Plaintiffs to provide a more definite statement and specify which Plaintiffs assert each cause of action and against which defendant the cause of action is breach. Further, a more definite statement is requested with respect to the eight through thirteenth causes of action to specify the

{CLIENT FILES\30625\7\00092269.DOC}                                                                                                       - 8 -

1 legal basis for the claim.  Alternatively, Defendant requests that the Court dismiss and/or strike the
2 eighth through thirteenth causes of action.

3 Date:  July 23, 2008               Respectfully submitted,

4                                    SIMPSON, GARRITY & INNES
                                     Professional Corporation
5
                                     By: /s/  Timothy P. O'Donnell
6                                         PAUL V. SIMPSON
                                          TIMOTHY P. O'DONNELL
7                                    Attorneys for Defendant
                                     IMR CONTRACTOR CORPORATION