**ROBERT SALINAS** SBN 184260
**PAMELA KONG** SBN 220912
**JORGE AGUILAR II** SBN 238111
SUNDEEN SALINAS & PYLE
1330 Broadway, Suite 1830
Oakland, CA 94612
Tel: (510) 663-9240
Fax: (510) 663-9241

Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| GREGORY HALL, FAUSTO AGUILAR, GONZALO AGUILAR, CHARLES CHILTON, FELIX CORTES, OMAR FRANCO, DOUGLAS GIVENS, ROBERT IVY, QUINCY MOUTON, LUIS OSUNA, RICHARD RANKIN, HECTOR RODRIGUEZ, MARTIN SANDOVAL, HENRY TAYLOR, LLOYD THIBEAUX, MICHAEL BROWN, ASTRIAN CAEL, ARNULFO CARRANZA-RIVAS, APOLINAR CORNEJO, ROY EDWARDS, VICTOR HAMPTON, RANDY KEYS, ANDRE LARRIMORE, TERRY MACKEY, DOUGLAS TURNER, JEFF WEST, ROBERT WHITE, MARQUEZ BOYD<br><br>Plaintiffs,<br><br>vs.<br><br>APARTMENT INVESTMENT AND MANAGEMENT COMPANY, AIMCO CAPITAL, INC., FORTNEY & WEYGANDT, INC., IMR CONTRACTOR CORPORATION, BAY BUILDING SERVICES, BAY AREA CONSTRUCTION FRAMERS, INC. and DOES 1-50,<br><br>Defendants. | No. 08-CV-3447 CW<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT IMR CONTRACTOR CORPORATION'S MOTION FOR A MORE DEFINITE STATEMENT OR IN THE ALTERNATIVE MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT<br><br>**Judge:** Hon. Claudia Wilken<br>**Date:** September 18, 2008<br>**Time:** 2:00 p.m.<br>**Room:** Courtroom 2, 4th Floor |

___

Prior to the filing of this motion, Defense counsel did not make any attempt to meet and confer regarding any of the issues raised in Defendant IMR's Motion now before the Court.

**ARGUMENT**

I. PLAINTIFFS DO NOT OPPOSE THAT PORTION OF DEFENDANTS' MOTION CONCERNING THE IDENTIFICATION OF PARTIES TO EACH CAUSE OF ACTION

Plaintiffs do not oppose that portion of the Motion which argues that for each cause of action Plaintiffs should identify the Plaintiffs asserting the cause of action as well as the Defendants against whom the claim is made.

II. PLAINTIFFS DO NOT OPPOSE THAT PORTION OF DEFENDANTS' MOTION CONCERNING THE EIGHTH AND NINTH CAUSES OF ACTION, FOR HARASSMENT IN VIOLATION OF PUBLIC POLICY BASED ON RACE AND NATIONAL ORIGIN, RESPECTIVELY

Plaintiffs do not oppose that portion of the Motion which argues that the eighth and ninth causes of action should be dismissed or stricken.

III. PLAINTIFFS HAVE STATED VALID CAUSES OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY WITHIN THEIR TENTH, ELEVENTH, TWELFTH AND THIRTEENTH CAUSES OF ACTION

Defendant claims it does not understand the "nature" of the Tenth, Eleventh, Twelfth and Thirteenth causes of action. This confusion allegedly arises because Plaintiffs' also plead statutory causes of action.

California courts have long recognized a claim for tortious (wrongful) termination in violation of public policy. See <u>Tameny v. Atlantic Richfield Co.</u>, 27 Cal.3d 167, 169 (1980); <u>City of Moorpark v. Superior Court</u>, 18 Cal.4th 1143, 1159 (1998); <u>Green v. Ralee Engineering Co.</u>, 19 Cal.4th 66, 79

(1998); Esberg v. Union Oil Co., 28 Cal.4th 262, 271, (2002). The fundamental public policy may be embodied in a specific constitutional provision or statute. Gantt v. Sentry Ins. (1992) 1 Cal.4th 1083, 1095.

In their Tenth cause of action Plaintiffs state a claim for tortuous discharge in violation of public policy based upon California Constitution Article I § 8, and the California Government Code § 12940(a). These references are to substantial public policies prohibiting disqualification from employment because of race.

In their Eleventh cause of action Plaintiffs state a claim for tortuous discharge in violation of public policy based upon California Constitution Article I § 8, and the California Government Code § 12940(a). These references are to substantial public policies prohibiting disqualification from employment because of national origin.

In their Twelfth cause of action Plaintiffs state a claim for tortuous discharge in violation of public policy based upon California Labor Code §§ 204, 1771 and 1774 requiring Defendants to pay their employees all earned wages. California Labor Code §§ 221 and 223 prohibit Defendants from making unlawful deductions from employee wages. California Labor Code § 1102.5 prohibits retaliation for protesting actual or perceived violations of these statutes.

In their Thirteenth cause of action Plaintiffs state a claim for tortuous discharge in violation of public policy based upon California Constitution Article I § 8, and the California Government Code § 12940(h). These references are to substantial public policies prohibiting disqualification from employment due to the protesting against actual or perceived discrimination based on race and/or national origin.

---

PLAINTIFFS' OPPOSITION TO DEFENDANT IMR CONTRACTOR CORPORATION'S MOTION FOR A MORE DEFINITE STATEMENT
HALL v. AIMCO INC., No. 08-CV-3447 CW                                                                 Page 3

Well established and comprehensive California law establishes wrongful discharge in violation of public policy, particularly those substantial policies embodied in the California Constitution and California statutes, such as the California Fair Employment & Housing Act.

Defendant failed to cite or discuss any of these cases, which specifically apply to the types of causes of action Plaintiffs make here.

Further, the different "nature" of these causes of action include that they have different statutes of limitation (two years) than do those which are brought directly under statute.  There are also no administrative exhaustion requirements.  These are some of the characteristics which make these causes of action different from those brought under statute.

Defendant's Motion should be denied.

IV.   PLAINTIFFS HAVE STATED VALID CAUSES OF ACTION FOR FAILURE TO HIRE AND OTHER SIMILAR ADVERSE EMPLOYMENT ACTIONS IN VIOLATION OF PUBLIC POLICY WITHIN THEIR TENTH, ELEVENTH, TWELFTH AND THIRTEENTH CAUSES OF ACTION

In addition to wrongful discharge in violation of public policy, California courts have also recognized that other employment actions such as the discipline of suspension can support a cause of action which violates public policy.  Garcia v. Rockwell International Corp., 187 Cal.App.3d 1556, 1562; Anderson v. Pacific Bell (1988) 204 Cal.App.3d 277, 283.

Plaintiffs have made claims for failure to hire, that they were denied work, laid off, and other adverse employment actions in violation of public policy.  These claims rise to a level commensurate with the disciplines of suspension and should also be recognized as valid legal claims under the existing authorities cited to this Court.

//

## CONCLUSION

California courts have long recognized a cause of action for wrongful discharge in violation of public policy, particularly based upon the California Constitution and Statutes such as the Fair Employment & Housing Act.

California courts also recognize that other employment actions such as the discipline of suspension can support a cause of action which violates public policy.

These causes of action differ from those brought directly under an applicable statute regarding the applicable statute of limitations and the requirement to exhaust any administrative remedies.

To the extent Defendant's motion collides with these principles, its Motion should be denied regarding causes of action Tenth, Eleventh, Twelfth and Thirteenth Causes of Action.


Dated: August 28, 2008					Respectfully Submitted,


					_____

					ROBERT SALINAS
					Attorney at Law