United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HALL, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>APARTMENT INVESTMENT AND MANAGEMENT COMPANY; AIMCO CAPITAL, INC.; FORTNEY & WEYGANDT, INC.; IMR CONTRACTOR CORPORATION; BAY BUILDING SERVICES; AND BAY AREA CONSTRUCTION FRAMERS, INC.,<br><br>         Defendants.<br>_____ / | No. 08-CV-3447 CW<br><br>ORDER GRANTING DEFENDANT IMR'S MOTION FOR A MORE DEFINITE STATEMENT, GRANTING IN PART ITS MOTION TO DISMISS AND DENYING ITS MOTION TO STRIKE |

INTRODUCTION

Defendant IMR Contractor Corporation, Inc. (IMR) moves for a more definite statement, or, in the alternative, moves to dismiss or strike Plaintiffs' eighth through thirteenth causes of action.[1] Plaintiffs oppose part of this motion. Having considered all of the papers filed by the parties, the Court GRANTS Defendant IMR's motion for a more definite statement, GRANTS IN PART its motion to

---

[1] In its reply, Defendant IMR withdraws its motion to strike. Therefore, the Court denies it.

dismiss and DENIES its motion to strike.

## BACKGROUND

The following facts are taken from Plaintiffs' Second Amended Complaint (SAC). On approximately May 23, 2006, the Bayview-Hunters Point Redevelopment Plan (BHPRP) was approved to be funded with state bonds. SAC at ¶ 1. Bayview-Hunters Point is a predominantly African-American neighborhood in San Francisco, California. Defendants Apartment Investment and Management Company (AIMCO) and AIMCO Capital, Inc. are real estate developers for the BHPRP; Defendant Fortney & Weygandt is the BHPRP general contractor and Defendants IMR, Bay Building Services, Inc. and Bay Area Construction Framers, Inc. are BHPRP contractors. Id. at ¶¶ 2-7. Plaintiffs are African-American and Latino individuals who worked or attempted to work at sites under the supervision of Defendants.

Defendants maintained a discriminatory workplace by taking adverse employment actions against African-American construction employees such as assigning them less desirable work, segregating them from Latino workers and assigning them fewer hours and inadequate tools. See, e.g., id. at ¶¶ 17, 52, 59, 125. Defendants failed to hire qualified African-American workers for the project, and instead gave preference to Latino workers. Id. at ¶ 18. Supervisors fostered a racially hostile work environment by encouraging African-American and Latino workers to compete against each other and by making derogatory comments to African-American employees. Id. at ¶ 17, 21. At times, Defendants provided work instructions and safety warnings to the African-American Plaintiffs only in Spanish and would not provide them in English when

2

1 requested to do so.  Id. at ¶ 118.

2   Latino Plaintiffs were pushed to work in unsafe conditions and were denied meal periods, rest periods and overtime pay.  See, e.g., id. at ¶¶ 19, 27, 72-73, 112.  Furthermore, Latino Plaintiffs had portions of their wages withheld and were paid reduced wages in cash.  Id. at ¶ 20.  Some Latino Plaintiffs were required to pay a portion of their wages to supervisors in cash after depositing their paychecks.  Id.

9   BHPRP supervisors retaliated against, and in some cases terminated, Latino and African-American Plaintiffs who complained to Defendants or to the union about the unlawful deductions.  Id. at ¶ 23.

13   On December 14, 2007, Plaintiffs filed their original complaint in San Francisco superior court; on March 12, 2008, they filed their First Amended Complaint; and on April 22, 2008, they filed their SAC.  In the SAC, Plaintiffs allege twenty-one causes of action, including California Labor Code wage and hour claims; discrimination based on race, national origin and/or ancestry; intentional infliction of emotional distress; and retaliation.  The eighth through thirteenth causes of action are tort claims for harassment in violation of public policy, discrimination in violation of public policy and retaliation in violation of public policy.  The fifteenth through seventeenth causes of action include statutory discrimination, harassment and retaliation claims under the Fair Employment and Housing Act (FEHA), California Government Code § 12940.  The eighteenth and nineteenth causes of action are statutory retaliation claims arising under California Labor Code

3

§§ 98.6 and 1102.5.

Defendants Fortney & Weygandt, Inc., AIMCO and AIMCO Capital, Inc. and Bay Area Construction Framers, Inc. filed their answers to the complaint in state court. On July 17, 2008, Defendant IMR, with the consent of the other Defendants, removed the action to this Court pursuant to 28 U.S.C. § 1446, based on federal question jurisdiction. The removal was based on the theory that, because the resolution of some of Plaintiffs' causes of action would require interpretation of collective bargaining agreements, those claims are preempted by Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

In its motion for a more definite statement, IMR argues that Plaintiffs must identify the parties involved in each cause of action and must clarify the nature of causes of action eight through thirteen. In the alternative, IMR moves to dismiss the eighth through thirteenth causes of action.

Plaintiffs do not oppose the motion for a more definite statement concerning the identification of the parties involved in each cause of action. Plaintiffs also agree voluntarily to dismiss causes of action eight and nine for harassment in violation of public policy based on race and national origin.

## LEGAL STANDARDS

### I. Rule 12(e) Motion for a More Definite Statement

Pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement when a pleading to which a responsive pleading is permitted is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive

4

pleading." Where a pleading "fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). A Rule 12(e) motion is proper "where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). A Rule 12(e) motion is also appropriate where it is not clear from the complaint what the legal nature of the claim is or if an employee is asserting a common law or statutory claim. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

II. Rule 12(b)(6) Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.

5

1  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911
2  F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment
3  would be futile, the court examines whether the complaint could be
4  amended to cure the defect requiring dismissal "without
5  contradicting any of the allegations of [the] original complaint."
6  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).
7  Leave to amend should be liberally granted, but an amended
8  complaint cannot allege facts inconsistent with the challenged
9  pleading.  Id. at 296-97.

DISCUSSION

I.   Motion for a More Definite Statement

   As described above, Plaintiffs agree to provide an amended complaint in which they identify all parties involved in each cause of action in this case.  Therefore, Defendant IMR's motion for a more definite statement is GRANTED.

II.  Rule 12(b)(6) Motion to Dismiss

   As mentioned above, Plaintiffs agree to dismiss their eighth and ninth causes of action.  Therefore, these claims are dismissed with prejudice.

   Plaintiffs' tenth and eleventh causes of action allege discrimination in violation of the public policy against race and national origin discrimination found in article I, section 8 of the California Constitution[2] and California Government Code

---

[2] Article I, section 8 of the California Constitution provides: "A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of . . . race, . . . color, or national or ethnic origin."

6

§§ 12940(a).[3] Plaintiffs' twelfth cause of action alleges retaliation in violation of the public policy found in California Labor Code § 1102.5(c).[4] Plaintiffs' thirteenth cause of action alleges retaliation in violation of the public policy against retaliation against those who protest race and national origin discrimination. Plaintiffs claim the public policy for this cause of action is found in article I, section 8 of the California Constitution and in California Government Code §§ 12940(a), (h) and (j).[5]

Under California law, an employee may maintain a tort cause of action against his or her employer where the employer's discharge of the employee contravenes fundamental public policy. Foley v. Interactive Data Corp., 47 Cal. 3d 654, 666 (1988). Such claims are often referred to as Tameny claims, after the decision in Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167, 176-177 (1980). A claim for wrongful termination in violation of public

---

[3] This section of the FEHA provides, "A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of . . . race, . . . color, or national or ethnic origin."

[4] California Labor Code § 1102.5(c) prohibits an employer from retaliating against an employee for any refusal to participate in an activity that would result in a violation of state or federal law or noncompliance with state or federal regulations.

[5] Plaintiffs err in citing Government Code §§ 12940(a) and (j) as sources of public policy against retaliation. Subsection (a) contains a broad prohibition against discrimination and subsection (j) makes it unlawful for an employer to harass an employee. Only California Government Code section 12940(h) relates to retaliation, making it unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

1 policy must be based on the policy established by a constitutional
2 or statutory provision.  Gantt v. Sentry Ins., 1 Cal. 4th 1083,
3 1095 (1992); see also Green v. Ralee Eng'g Co., 19 Cal. 4th 66, 90
4 (1998) (fundamental public policy may sometimes be established by
5 regulations).

6 Plaintiffs argue that they state proper Tameny claims because
7 such claims may encompass not only termination in violation of
8 public policy but also adverse employment actions in violation of
9 public policy.  The California court of appeal in Garcia v.
10 Rockwell Int'l Corp., 187 Cal. App. 3d 1556, 1561 (1986), abrogated
11 on other grounds by Gantt, 1 Cal. 4th at 1093, applied Tameny to a
12 claim that an employee was demoted and suspended without pay for
13 nearly six months in retaliation for whistle-blowing.  Id. at 1559.
14 The court reasoned that the same wrongful conduct was involved in
15 an unpaid suspension as in a discharge.  Id. at 1562.  The holding
16 of Garcia was narrow and gave no indication that adverse employment
17 actions beyond retaliatory termination or unpaid suspension were
18 cognizable.  Nonetheless, Plaintiffs argue that, based on Garcia
19 and cases following it, the scope of Tameny is broad enough to
20 include adverse employment actions other than termination or
21 suspension.

22 Defendant cites Medix Ambulance Service, Inc. v. Superior
23 Court, 97 Cal. App. 4th 109, 118-119 (2002), which held that the
24 plaintiff could not state a common law claim for sexual harassment.
25 Though sexual harassment is not claimed here, Medix makes it clear
26 that Tameny does not necessarily extend to all adverse employment
27 actions short of termination.

28

8

Plaintiffs cite no authority establishing that discrimination or retaliation, short of termination or suspension, in violation of the public policy against discrimination or retaliation provides the basis for a claim under Tameny.

Therefore, Plaintiffs may not base a Tameny claim on discrimination or retaliation alone.  However, they may state a Tameny claim if they were terminated or suspended on the basis of race or national origin.  Claims ten and eleven do not allege that Plaintiffs were terminated or suspended.  Therefore, the tenth and eleventh causes of action are dismissed with leave to amend for Plaintiffs to allege, if they truthfully can, that they were terminated or suspended based on race or national origin in violation of public policy.

Plaintiffs' twelfth and thirteenth causes of action state valid claims for retaliatory termination in violation of public policy for protesting the underpayment of wages, unlawful wage deductions, and race and national origin discrimination.  If Plaintiffs wish to sue for retaliatory suspension in violation of public policy they may amend these causes of action as well.

## CONCLUSION

For the foregoing reasons, Defendant's motion for a more definite statement is GRANTED.  (Dkt. # 4.)  Plaintiffs must file an amended complaint identifying with specificity which Plaintiffs assert each cause of action against which Defendants.

Defendant's motion to dismiss is GRANTED in part.  (Dkt. # 4.)  The eighth and ninth causes of action are dismissed with prejudice.  The tenth and eleventh causes of action are dismissed

9

with leave to amend.  Plaintiffs may amend their twelfth and thirteenth causes of action as well.

Plaintiffs' Third Amended Complaint shall be filed no later than twenty days from the date of this order.  Defendants' response is due twenty days after the Third Amended Complaint is served. Defendants shall notice any motion to dismiss for December 18, 2008 at 2:00 p.m.  The October 21, 2008 case management conference is continued to December 18, 2008 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 9/26/08

CLAUDIA WILKEN
United States District Judge

10