IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HALL, et al., | No. 08-CV-3447 CW |
|     Plaintiffs, | ORDER GRANTING DEFENDANT IMR'S MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFFS' THIRD AMENDED COMPLAINT |
|     v. | |
| APARTMENT INVESTMENT AND MANAGEMENT COMPANY; AIMCO CAPITAL, INC.; FORTNEY & WEYGANDT, INC.; IMR CONTRACTOR CORPORATION; BAY BUILDING SERVICES; AND BAY AREA CONSTRUCTION FRAMERS, INC., | |
|     Defendants. | |
|                                             / | |

INTRODUCTION

    Defendant IMR Contractor Corporation, Inc. (IMR) moves to dismiss Plaintiffs' eighteenth and nineteenth causes of action and to strike Plaintiffs' eighth and ninth causes of action. Plaintiffs oppose the motion. The matter was heard on December 18, 2008. Having considered oral argument and all of the papers filed by the parties, the Court grants Defendant's motion.

BACKGROUND

    The following facts are taken from Plaintiffs' third amended complaint (TAC). On approximately May 23, 2006, the Bayview-Hunters Point Redevelopment Plan (BHPRP) was approved to be funded with state bonds. TAC at ¶ 1. Bayview-Hunters Point is a

predominantly African-American neighborhood in San Francisco, California.  Defendants Apartment Investment and Management Company (AIMCO)and AIMCO Capital, Inc. are real estate developers for the BHPRP; Defendant Fortney & Weygandt is the BHPRP general contractor and Defendants IMR, Bay Building Services, Inc. and Bay Area Construction Framers, Inc. are BHPRP contractors.  Id. at ¶¶ 2-7. Plaintiffs are African-American and Latino individuals who worked or attempted to work at sites under the supervision of Defendants.

Defendants maintained a discriminatory workplace by taking adverse employment actions against African-American construction employees such as assigning them less desirable work, segregating them from Latino workers and assigning them fewer hours and inadequate tools.  See, e.g., id. at ¶¶ 17, 52, 59, 125. Defendants failed to hire qualified African-American workers for the project, and instead gave preference to Latino workers.  Id. at ¶ 18.  Supervisors fostered a racially hostile work environment by encouraging African-American and Latino workers to compete against each other and by making derogatory comments to African-American employees.  Id. at ¶ 17, 21.  At times, Defendants provided work instructions and safety warnings to the African-American Plaintiffs only in Spanish and would not provide them in English when requested to do so.  Id. at ¶ 118.

Latino Plaintiffs were pushed to work in unsafe conditions and were denied meal periods, rest periods and overtime pay.  See, e.g., id. at ¶¶ 19, 27, 72-73, 112.  Furthermore, Latino Plaintiffs had portions of their wages withheld and were paid reduced wages in cash.  Id. at ¶ 20.  Some Latino Plaintiffs were required to pay a

2

portion of their wages to supervisors in cash after depositing their paychecks.  Id.

BHPRP supervisors retaliated against, and in some cases terminated, Latino and African-American Plaintiffs who complained to Defendants or to the union about the unlawful deductions.  Id. at ¶ 23.

On December 14, 2007, Plaintiffs filed their original complaint in San Francisco superior court; on March 12, 2008, they filed their First Amended Complaint; and on April 22, 2008, they filed their SAC.  In the SAC, Plaintiffs allege twenty-one causes of action, including California Labor Code wage and hour claims; discrimination based on race, national origin and/or ancestry; intentional infliction of emotional distress; and retaliation.  The eighth through thirteenth causes of action are tort claims for harassment in violation of public policy, discrimination in violation of public policy and retaliation in violation of public policy.  The fifteenth through seventeenth causes of action include statutory discrimination, harassment and retaliation claims under the Fair Employment and Housing Act (FEHA), California Government Code § 12940.  The eighteenth and nineteenth causes of action are statutory retaliation claims arising under California Labor Code §§ 98.6 and 1102.5.

Defendants Fortney & Weygandt, Inc., AIMCO and AIMCO Capital, Inc. and Bay Area Construction Framers, Inc. filed their answers to the complaint in state court.  On July 17, 2008, Defendant IMR, with the consent of the other Defendants, removed the action to this Court pursuant to 28 U.S.C. § 1446, based on federal question

jurisdiction.  The removal was based on the theory that, because the resolution of some of Plaintiffs' causes of action would require interpretation of collective bargaining agreements, those claims are preempted by Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

On July 23, 2008, Defendant IMR moved to dismiss the eighth through thirteenth causes of action.  In response, Plaintiffs agreed voluntarily to dismiss causes of action eight and nine.  The Court granted IMR's motion in part with leave to amend causes of action ten through thirteen.

Plaintiffs filed a third amended complaint on October 15, 2008.  Docket no. 12.  The third amended complaint curiously included causes of action eight and nine that Plaintiffs voluntarily agreed to dismiss.  IMR now moves to strike these causes of action as redundant and immaterial under Federal Rule of Civil Procedure 12(f).  The Court agrees and grants IMR's motion to strike causes of action eight and nine from Plaintiffs' third amended complaint.

IMR also moves to dismiss causes of action eighteen and nineteen because Plaintiffs failed to allege that they exhausted their administrative remedies.

LEGAL STANDARDS

I.  Rule 12(b)(6) Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate

4

only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 552 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading.  Id. at 296-97.

                                DISCUSSION

I.   Rule 12(b)(6) Motion to Dismiss

Plaintiffs' eighteenth and nineteenth causes of action allege that Defendant IMR discriminated and retaliated against Plaintiffs in violation of California Labor Code §§ 1102.5 and 98.5.  IMR asserts that these causes of action should be dismissed because Plaintiffs did not exhaust their administrative remedies for these claims.  Plaintiffs counter that they need not exhaust any

administrative remedies before bringing these causes of action.

Both parties cite to Campbell v. Regents of the Univ. of Cal., 35 Cal. 4th 311 (2005), for support.  Plaintiffs argue that Campbell only requires parties to exhaust internal agency administrative remedies, whereas IMR argues that Campbell requires exhaustion of all administrative remedies before filing suit.  In Campbell, the California Supreme Court discussed whether the well established rule in California jurisprudence of exhaustion of administrative remedies was abrogated in Labor Code § 1102.5.  See id. at 321.  The court held that "the legislative history appears unclear on the question of whether the Legislature intended to depart from the exhaustion doctrine" and concluded that "we cannot read that intent into the statute when the history does not clearly support it."   Id. at 331.  Thus, the court required Campbell to exhaust her administrative remedies before bringing suit under § 1102.5.  Id. at 332.  The court did not limit its holding to require only the exhaustion of internal administrative remedies.  Therefore, in the instant matter, Plaintiffs are required to exhaust their § 1102.5 claim administratively.  See also Bowman v. Yolo County, 2008 WL 1832881, *1 (E.D. Cal.) ("Since Plaintiffs fail to allege they have met the exhaustion of administrative remedies requirement, YHCA's motion to dismiss Plaintiffs' Section 1102.5 claim is granted"); Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1180 (E.D. Cal. 2005) ("The California Supreme Court has recently held that a litigant seeking damages under § 1102.5 is required to exhaust administrative remedies before the Labor Commissioner prior to bringing suit"); Lund v. Leprino Foods Co.,

2008 WL 1775474, *4 (E.D. Cal) ("In order to bring a claim under section 1102.5 or 6310, plaintiff must exhaust his administrative remedies").

Similarly, Plaintiffs are also required to exhaust their Labor Code § 98.6 claim administratively. The essence of the exhaustion rule is that "where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." Campbell, 35 Cal. 4th. at 321. Plaintiffs argue that § 98.6 does not mandate exhaustion. However, the fact that "these administrative remedies are neither mandatory nor exclusive does not abrogate the exhaustion requirement." Lund, 2008 WL 1775474 at *4; see Campbell, 35 Cal. 4th. at 329 ("Labor Code section 1102.5's silence on the exhaustion requirement does not change our interpretation").

Labor Code § 98.7(a) provides an administrative remedy before the Labor Commissioner for "any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner." (Emphasis added). Section 98.6(a) and (b) describe claims brought pursuant to various sections of the Labor Code, including § 1102.5. Therefore, exhaustion of the administrative remedies prescribed in § 98.7 applies to §§ 1102.5 and 98.6. Thus, Plaintiffs are required to exhaust their § 98.6 claim administratively.

Plaintiffs alternatively argue that they administratively exhausted their remedies when they filed charges of discrimination and retaliation with the California Department of Fair Employment and Housing (DFEH). Plaintiffs allege that they received notices

of the right to sue in a California Superior Court pursuant to California Government Code § 12965(b).  Plaintiffs assert that these notices suffice to satisfy any exhaustion requirement under the Labor Code as well.  See <u>Paterson v. California Department of General Services</u>, 2007 WL 756954 (E.D. Cal).  The Court rejects Plaintiffs' argument.  The exhaustion requirement requires the Labor Commissioner to investigate claims of discharge and discrimination in violation of the laws for which the Labor Commissioner has jurisdiction.  Cal. Lab. Code § 98.7(a).  Complaints filed with the DFEH are not reviewed in the same manner as if they were filed with the Labor Commissioner.  Therefore, the Court concludes that Plaintiffs did not satisfy their administrative exhaustion requirement.

## CONCLUSION

For the foregoing reasons, IMR's motion to strike causes of action eight and nine from Plaintiffs' third amended complaint is GRANTED.  Docket No. 16.  Causes of action eighteen and nineteen are dismissed, with leave to amend if Plaintiffs can satisfy their administrative exhaustion requirement.  Because the basis for dismissing these claims is equally applicable to the same claims against Defendants Apartment Investment and Management Company (AIMCO), AIMCO Capital, Fortney & Weygandt, Inc., Bay Building Services, Inc. and Bay Areas Construction Framers, Inc., the claims against them are dismissed as well.  See <u>Silverton v. Dep't of Treasury</u>, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a

1  position similar to that of moving defendants or where claims
2  against such defendants are integrally related."). If Plaintiffs
3  are able to exhaust their claims administratively, they may
4  promptly file a fourth amended complaint so alleging. Meanwhile,
5  IMR shall answer the third amended complaint twenty days from the
6  date of this order.[1]

IT IS SO ORDERED.

Dated: 12/19/08



CLAUDIA WILKEN
United States District Judge

---

[1] The docket reflects that Defendant Bay Building Services has not filed an answer to Plaintiffs third amended complaint. Thus, this deadline also applies to Bay Building Services, assuming it has been served.

9