**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HALL, et al., | No. C 08-3447 CW |
|     Plaintiffs, | |
|   v. | ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT |
| APARTMENT INVESTMENT AND MANAGEMENT COMPANY; AIMCO CAPITAL, INC.; FORTNEY & WEYGANDT, INC.; IMR CONTRACTOR CORPORATION; BAY BUILDING SERVICES; AND BAY AREA CONSTRUCTION FRAMERS, INC., | |
|     Defendants. | |
| _____/ | |

    Plaintiffs move for leave to file a fourth amended complaint after the deadline set by the Court for adding new claims or parties. Defendants oppose the motion. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court grants the motion.

BACKGROUND

    The following allegations are contained in the Third Amended Complaint, the operative pleading. On approximately May 23, 2006, the Bayview-Hunters Point Redevelopment Plan (BHPRP) was approved for funding with state bonds. Bayview-Hunters Point is a predominantly African-American neighborhood in San Francisco,

California.  Defendants Apartment Investment and Management Company (AIMCO) and AIMCO Capital, Inc. are real estate developers for the BHPRP.  Defendant Fortney & Weygandt (F&W) is the BHPRP general contractor and Defendants IMR, Bay Building Services, Inc. (BBS) and Bay Area Construction Framers, Inc. are other BHPRP contractors.  Plaintiffs are African-American and Hispanic individuals who worked or attempted to work at sites under the supervision of Defendants.

Defendants allegedly maintained a discriminatory workplace by taking adverse employment actions against African-American construction employees such as assigning them less desirable work, segregating them from Hispanic workers and assigning them fewer hours and inadequate tools.  Defendants allegedly failed to hire qualified African-American workers for the project, and instead gave preference to Hispanic workers.  Supervisors allegedly fostered a racially hostile work environment by encouraging African-American and Hispanic workers to compete against each other and by making derogatory comments to African-American employees.  At times, Defendants allegedly provided work instructions and safety warnings to the African-American Plaintiffs only in Spanish and would not provide them in English when requested to do so.

Hispanic Plaintiffs were allegedly pushed to work in unsafe conditions and were denied meal periods, rest periods and overtime pay.  Furthermore, Hispanic Plaintiffs allegedly had portions of their wages withheld and were paid reduced wages in cash.  Some Hispanic Plaintiffs were allegedly required to pay a portion of their wages to supervisors in cash after depositing their paychecks.

2

BHPRP supervisors allegedly retaliated against, and in some cases terminated, Hispanic and African-American Plaintiffs who complained to Defendants or to the union about Defendants' unlawful practices.

The Third Amended Complaint lists twenty-one causes of action.[1]  The claims include violations of the California Labor Code's wage and hour provisions; violations of the California Fair Employment and Housing Act (FEHA); intentional infliction of emotional distress; discriminatory termination in violation of public policy; and retaliatory termination in violation of public policy.

Pursuant to the case management order entered by the Court on December 29, 2008, the deadline for adding additional parties or claims was March 16, 2009.  Plaintiffs filed the present motion for leave to amend the complaint on April 2, 2009.  The proposed Fourth Amended Complaint would add a claim under California Government Code § 12940(i) for aiding and abetting discrimination.  Of the existing Defendants, this claim would be asserted against AIMCO, AIMCO Capital and F&W.  The proposed Fourth Amended Complaint would also add four new parties to this action: All Hallows Preservation, L.P., Bayview Preservation, L.P., La Salle Preservation, L.P. and Shoreview Preservation, L.P. (collectively, the Owners).  According to Plaintiffs, the Owners are "subsidiaries and/or affiliates of AIMCO and own the property at BHPRP," "contracted with F&W to perform the construction services at BHPRP" and "have been represented by employees of AIMCO and/or AIMCO Capital with respect

---

[1] The Court previously dismissed four of these causes of action.

3

to the development at BHPRP." Proposed 4th Am. Compl. ¶ 8. Plaintiffs seek to assert claims against the Owners for discriminatory termination in violation of public policy; retaliatory termination in violation of public policy; intentional discrimination, hostile work environment and retaliation in violation of FEHA; and aiding and abetting discrimination.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Where a schedule has been filed, a party's ability to amend its pleading is governed by this good cause standard, not the more liberal standard of Rule 15(a)(2). Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. Id. at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

## DISCUSSION

As noted above, Plaintiffs seek to amend the complaint in two respects. The first proposed amendment would add the Owners as Defendants and would assert a number of the existing claims against them. The second proposed amendment would add a claim against certain of the existing Defendants, as well as the Owners, for aiding and abetting discriminatory conduct. Plaintiffs explain

that they did not move for leave to amend before the March 16 deadline because their counsel failed to add the deadline to his personal calendar and was under the mistaken impression that Plaintiffs could seek leave to amend until May 1.

Defendants correctly note that Plaintiffs were aware as early as April 9, 2008 that the Owners owned the properties at issue. However, Plaintiffs maintain that they lacked a good faith basis for asserting claims against the Owners before March 16, 2009 because they lacked sufficient information to connect the Owners to the alleged unlawful practices until their counsel reviewed certain documents on March 21, 2009 that connected the Owners to Don Maloy, an AIMCO supervisor who allegedly was responsible for much of the discriminatory conduct described in the complaint.  In addition, the Owners have been on notice of this lawsuit since it was filed. They also apparently share an address with AIMCO and are represented by the same counsel.  They will not be prejudiced by the approximately two-week delay in Plaintiffs' filing the present motion.  Nor will any of the Defendants be prejudiced by the addition of a claim for aiding and abetting discrimination two weeks after the deadline, in that such a claim is based on the same nucleus of fact as the existing claims and is not likely to require additional discovery.

The Court concludes that good cause exists to modify the case management order to permit Plaintiffs to add the Owners as Defendants and to add a claim for aiding and abetting discrimination.  However, the proposed Fourth Amended Complaint contains virtually no allegations concerning the Owners, and on this basis may fail to state a claim against them.  In the interest

5

of avoiding the delay that would accompany an additional motion to dismiss, the Court will require Plaintiffs to revise their proposed Fourth Amended Complaint, before filing and serving it, to add factual allegations sufficient to state claim against the Owners.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to amend the complaint (Docket No. 49). The May 7, 2009 hearing is VACATED. Before filing, Plaintiffs must amend their proposed Fourth Amended Complaint to add factual allegations in support of the claims that are asserted against the Owners. Plaintiffs may make no other changes to the proposed Fourth Amended Complaint. The revised Fourth Amended Complaint must be filed within five days of the date of this order and must be served on the Owners within five days thereafter. Plaintiffs' counsel is advised to ensure that all future deadlines have been properly calendared. The remaining deadlines in the case management order will remain in effect, but may be continued if necessary after the Owners appear.

IT IS SO ORDERED.

Dated: 5/6/09

_____
CLAUDIA WILKEN
United States District Judge