UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| GREGORY HALL, *et al.*, | No. C 08-03447 CW (LB) |
| Plaintiffs, | **ORDER REGARDING FEBRUARY 4, 2011 JOINT DISCOVERY LETTER** |
| v. | |
| APARTMENT INVESTMENT AND MANAGEMENT, BAY AREA CONSTRUCTION FRAMERS, INC., *et al.*, | [ECF No. 175] |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs Lloyd Thibeaux and Robert Ivy – who allege discrimination by contractors and subcontractors against them on a construction project in the Bayview/Hunter's Point – filed a joint discovery letter with Defendant Bay Area Construction Framers[1] to resolve a dispute about a deposition that Plaintiffs first asked for in their November 29, 2010 discovery letter. ECF Nos. 175, 127. In their first letter, Plaintiffs said that they wanted to depose four people but – after everyone agreed to two of the four depositions – agreed to table the depositions of Ken Walker, Bay Area Construction's Vice-President, and Terry Lorenz, the President. *See* 12/16/10 Order, ECF No. 145 at 2-3. Now they want to depose Walker only. ECF No. 175 at 2. For the reasons stated below, the

---

[1] Plaintiffs have settled their claims against the other defendants. 2/4/11 Joint Letter, ECF No. 175 at 4. (Citations are to the court's electronic case file (ECF) with pin cites to the electronic numbers on the top, as opposed to the bottom, of the document.)

C 08-03447
ORDER RE 2/4/11 DISCOVERY LETTER

1    court authorizes the deposition and limits it to four hours.

## II.  FACTS ABOUT DISCOVERY DISPUTE

As of November 29, 2010, Plaintiffs had deposed only John Buettner (the foreman who supervised and allegedly discriminated against Ivy) and Steve Silva (the foreman who supervised and allegedly discriminated against Thibeaux).  ECF No. 127 at 2.  After the November 29 letter, the parties agreed that Plaintiffs would depose Pat O'Neill (Buettner's direct report), who (according to Buettner in his deposition) hired Ivy, assigned him to Buettner's crew, communicated with Buettner about Ivy, and did not communicate the requirements for hiring local residents (which is part of the claim about discriminatory workpractices).  *See id.*  The parties also agreed that Plaintiffs would depose Russ Thorsted (Steve Silva's direct report), who communicated with Silva about Thibeaux's work and the requirements for hiring locally.  *See id.*

In the November 29 letter, Plaintiffs said that they wanted to depose Walker (Bay Area Construction's Vice-President) because he said in his verified discovery responses that Plaintiffs were equally as qualified as Bay Area Construction's core crew to perform the tasks they were assigned, but that his opinion did not represent the views of Bay Area Construction.  ECF No. 127 at 4-6.  They agreed to table that deposition (and the deposition of the President, Terry Lorenz) until after the O'Neill and Thorsted depositions.  *See* 12/16/10 Order at 3-4.

In the February 4, 2011 letter, Plaintiffs provide additional reasons to depose Walker.  In O'Neill's deposition, he said that Walker discussed hiring requirements with him.  2/4/11 Joint Letter, ECF No. 175 at 2.  This information is relevant not only to a failure to hire claim, but also to how Plaintiffs were treated on the job.  *See id.*  Also, there were emails between O'Neill and Walker about tracking local resident hires, manpower issues, and certified payroll issues.  *See id.* at 3.  Also, after the lawsuit started, Walker told O'Neill not to delete emails.  *See id.*  This apparently is important because after the lawsuit was filed in December 2007, but before Plaintiffs served Defendant, there were protests, other actions by community members, and a hearing at City Hall.  *See id.*  Also, Defendant IMR invited Defendant to bid on another project at some point sometime before April 2008 and possibly before March 2008.  But there are no emails about any of this.  *See id.*

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

Defendant counters that it is not disputed that hiring local residents was part of its subcontract, it is clear that Walker told O'Neill about the lawsuit and not to delete emails, there are no issues of spoliation because all Bay Area Construction witnesses testified that Bay Area had no email policy to retain emails and routinely deleted them, and another deposition is unnecessary and a burdensome expense to a small company already burdened with the considerable expense of this litigation. *See id.* at 5-6. It proposes written questions as a less burdensome method to obtain the limited information sought. *See id.* at 6.

### III. RULING

The issue here is not relevance given that Defendant proposes addressing outstanding discovery issues in a deposition by written question. Instead, the issue is whether the information can be obtained in a less expensive, less burdensome fashion. *See* Fed. R. Civ. P. 26(b)(2)(C). The court appreciates the expense ($500 to $1,000 according to Plaintiffs and $3,000 in costs according to Defendant), but a direct deposition is the most efficient way to obtain the information Plaintiffs seek, particularly given that Walker – as Bay Area Construction's Vice-President – has first-hand knowledge of Bay Area Construction's hiring practices. Any questions about email also can be addressed most efficiently in a deposition. The court does agree with Bay Area Construction that at this stage in the litigation, the areas of factual inquiry are narrow. Accordingly, the court limits the deposition to four hours.

This disposes of ECF No. 175.

**IT IS SO ORDERED.**

Dated: February 22, 2011

_____
LAUREL BEELER
United States Magistrate Judge