IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY HALL, et al.,

    Plaintiffs,

  v.

APARTMENT INVESTMENT AND MANAGEMENT COMPANY; AIMCO CAPITAL, INC.; FORTNEY & WEYGANDT, INC.; IMR CONTRACTOR CORPORATION; BAY BUILDING SERVICES; BAY AREA CONSTRUCTION FRAMERS, INC.; ALL HALLOWS PRESERVATION, LP; BAYVIEW PRESERVATION, LP; LA SALLE PRESERVATION, LP; SHOREVIEW PRESERVATION, LP; ISMAEL AVILA; and MOISES AVILA,

    Defendants.

No. C 08-03447 CW

ORDER DENYING DEFENDANTS ISMAEL AVILA AND MOISES AVILA'S MOTION FOR SUMMARY JUDGMENT
(Docket No. 222)

    Plaintiffs Gregory Hall, Fausto Aguilar, Gonzalo Aguilar, Charles Chilton, Douglas Givens, Quincy Mouton, Richard Rankin, Hector Rodriguez, Arnulfo Carranza-Rivas and Terry Mackey seek to hold Defendants Ismael and Moises Avila liable for Defendant IMR Contractor Corporation's alleged misconduct on an alter ego theory.[1]  The Avilas, who are the remaining Defendants against whom Plaintiffs have active claims, move for summary judgment. Plaintiffs oppose the motion.  The motion was taken under submission on the papers.

    To invoke California's alter ego doctrine, a plaintiff must demonstrate two elements: "(1) such a unity of interest and ownership between the corporation and its equitable owner that no

---

[1] Plaintiffs' claims against IMR are currently stayed pending IMR's bankruptcy.

separation actually exists, and (2) an inequitable result if the acts in question are treated as those of the corporation alone." Leek v. Cooper, 194 Cal. App. 4th 399, 417 (2011) (citing Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 538 (2000)). Courts may consider several factors, including

> the unauthorized diversion of corporate funds or assets to other than corporate uses; . . . the treatment by an individual of the assets of the corporation as his own; . . . the failure to maintain minutes or adequate corporate records; . . . sole ownership of all of the stock in a corporation by one individual or the members of a family; . . . the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another.

Leek, 194 Cal. App. 4th at 417 (citations omitted). These factors are not exhaustive, nor are any of them dispositive. Id. at 418. Whether the alter ego doctrine applies is a question of fact. Id.

Plaintiffs proffer sufficient evidence to meet the first prong of the alter ego test. The record shows that the Avilas owned and directed IMR; IMR made payments for properties it did not own; and the Avilas transferred IMR vehicles to Stronger Building Services, an entity owned by Moises Avila's son and the Avilas' sister. Further, there are inconsistencies as to whether corporate formalities were followed. Based on this evidence, a jury could find a unity of interest between IMR and the Avilas.

Plaintiffs also present sufficient evidence to meet the second prong of the alter ego test. IMR declared bankruptcy approximately three months before trial. This supports Plaintiffs' contention that the Avilas purposely "positioned IMR for bankruptcy in order

2

to discharge any liability for their misdeeds." Opp'n at 20:25-26. Thus, a jury could conclude that an inequitable result would occur if IMR's corporate form is not disregarded.

Accordingly, the Avilas' motion for summary judgment is DENIED. (Docket No. 222.) Although the existing record is sufficient to create a genuine dispute of material fact, Plaintiffs are granted ninety days to conduct discovery regarding their alter ego allegations.

The Court is inclined to bifurcate the trial in this action, with the first trial addressing only Plaintiffs' alter ego allegations.

The parties are referred to Magistrate Judge Donna Ryu for a settlement conference. A further case management conference will be held on October 11, 2011 at 2:00 p.m.

IT IS SO ORDERED.

Dated: August 4, 2011

CLAUDIA WILKEN
United States District Judge